UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:  ALDONA WILUSZ and         : CHAPTER 13
        GIOVANNI GAMBINO         :
          Debtor(s)               :
                                          :
        JACK N. ZAHAROPOULOS       :
        STANDING CHAPTER 13 TRUSTEE  :
         Movant                 :
                                          :
         vs.                     :
                                        :
        ALDONA WILUSZ and         :
        GIOVANNI GAMBINO         :
          Respondent(s)         : CASE NO.  5-21-bk-00411

TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this   3rd   day of May, 2021, comes Jack N. Zaharopoulos, Standing

Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the

following reason(s):

1.  Debtor(s)' plan violates 11 U.S.C. Sec. 1325(a)(4) in that the value of property
to be distributed under the plan on account of each allowed unsecured claim is less than the amount
that would be paid on such claim if the estate were liquidated under Chapter 7.  More specifically,
debtor has excess non-exempt equity in the following:

    a.  Residential real estate
    b.  Business assets
    c.  Amortization schedule for property lease with
       intent to own.

2.  Trustee further objects to debtor(s)' plan subject to debtor(s) providing to the
Trustee a Business Debtor Certification and copies of all necessary and related documents which
will enable the Trustee to file his Business Examination Report with the Court pursuant to Sections
1302(c), Section 1106(a)(3) and Section 1106(a)(4) of the Bankruptcy Code.  More specifically,
Trustee requires the submission of the following:

    a.  Stamped copy from the Department of State of the
       fictitious name filing for debtor's business.

3.  The Trustee provides notice to the Court as to the ineffectiveness of debtor(s)
Chapter 13 Plan for the following reasons:

    a.  Clarification of vesting of property.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

    a.   Deny confirmation of debtor(s) plan.
    b.   Dismiss or convert debtor(s) case.
    c.   Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

CERTIFICATE OF SERVICE

AND NOW, this   5th   day of May, 2021, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Adam Weaver, Esquire
1407 Blakeslee Blvd. Dr. East
Lehighton, PA   18235

/s/Deborah A. Behney
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee